UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jabbar Jomo Straws, # 231018, | ) C/A No.   4:09-01033-HFF-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| A. J. Padula, Warden, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Jabbar Jomo Straws ("petitioner/Straws"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] on April 20, 2009. Respondent filed a motion for summary judgment on June 26, 2009, along with supporting memorandum. The undersigned issued an order filed June 29, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on July 24, 2009.

Petitioner also filed a motion for default judgment on July 2, 2009, and respondent filed a response on July 20, 2009. (Docs. #14, 15).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. DEFAULT JUDGMENT

Petitioner filed a motion for default judgment on July 2, 2009, asserting that respondent exceeded the fifty (50) days given by the court to file a response to the petition. Petitioner asks that he be granted the full relief requested in his petition to have all sentences against him vacated.

Respondent filed a response in opposition asserting that he filed and served the response on June 26, 2009, which is the date set out in the Clerk's records for filing the response.

A review of the Court's docket sheet reveals that an order was issued on May 4, 2009, authorizing service of process and setting the date of the return and memorandum to be filed by June 26, 2009. (Doc.#6). On June 26, 2009, respondent timely filed the return and memorandum with the court. (Doc. 310). Therefore, it is recommended that petitioner's motion for default judgment (doc. #14) be denied.

## II. PROCEDURAL HISTORY

The petitioner, Jabbar Jomo Straws, is currently confined at the Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment Lexington County Clerk of Court. The petitioner was indicted by the Court of General Sessions for Lexington County at the April 2006 term for kidnapping (2 indictments), assault and battery with intent to kill (2 indictments), armed robbery, and possession of a firearm during the commission of a violent crime. ROA 482-493. On July 26-29, the petitioner was tried on the indictments before the Honorable R. Knox McMahon, Presiding Judge. The petitioner was present and represented by Elizabeth C. Fullwood and Arie Bax of the Lexington County Public Defenders Office. The matters were prosecuted by Assistant Solicitors Lawrence Wedekind and Shannon Heath. The state alleged

that Straws had robbed the Family Mart convenience store in Leesville confined the owner Charan Singh and Vernon Sulton, shot Sulton two times and struck Singh in the head several times with a handgun. The jury found Straws guilty of all charges. ROA 466-471. A motion for new trial was denied. ROA 471-479. The petitioner was sentenced by Judge McMahon on June 28, 2006, to consecutive sentences of thirty (30) years for the armed robbery, thirty years consecutive (2) on each kidnapping and twenty (20) years consecutive on assault and battery with intent to kill on Sulton and concurrent sentences of twenty years for assault and battery with intent to kill on Singh and five years for possession of a firearm during the commission of a violent crime for an aggregate sentence of 110 years.

The petitioner filed a timely notice of appeal June 29, 2006, which was served on July 5, 2006. The Petitioner is currently represented in the appeal by Joseph L. Savitz of the Division of Appellate Defense of the South Carolina Commission on Indigent Defense. On July 11, 2006, the Division on Appellate Defense ordered the trial transcript, consistent with SCACR Rule 207. After a series of extensions, the Initial Anders Brief of Appellant and petition to be relieved was filed July 30, 2007. In the brief, the appellate counsel asserts as the sole arguable ground:

> The trial judge erred by failing to direct a verdict acquitting Straws of assault and battery with intent to kill in connection with the owner of the convenience store.

Initial Brief of Appellant, p. 3. On December 4, 2007, the South Carolina Court of Appeals entered an Order of Dismissal "due to the failure of appellant to serve and file the Appellant's Final Brief." On December 7, 2007, counsel made a petition to reinstate with consent of the respondent due to a calendaring error noting the Final Brief was due on November 5, 2007. On December 17, 2007, the court granted counsel's petition to reinstate. The Final Anders Brief of Appellant was filed on

December 7 and accepted on December 17.

On December 17, 2007, the Clerk of Court advised Straws of his right under the court's procedures of Anders v. California, 386 U.S. 738 (1967) to file a pro se brief addressing any issues that he believed the court should consider. On January 30, 2008, the Petitioner made his Pro Se Brief of Appellant. In his pro se brief, Straws made the following "Statement of Issues on Appeal:"

> The judge in this trial erred by knowing and allowing the appellant defendant's constitutional right to be violated, knowing that there was no probable cause ever established, violating appellant-defendant's fourth amendment of the U.S. Constitution, 5th Amendment violated by allowing a coherenced statement to enter the trial.
>
> 6th Amendment by forcing appellant-defendant into trial with counsel when there was a known conflict. Counsel was ineffective and appellant defendant was also denied a trial by a fair and impartial jury. Appellant-defendant 8th Amendment was violated by excessive sentencing.
>
> And the 14th Amendment was violated because all of the above things that took place before and during the trial took the fundamental fairness away from the trial. The judge did not even instruct the jury as to pretrial publicity. The prosecution in this case, with all their prosecutional misconduct were also in direct violations with appellant-defendant's constitutional rights.

Pro Se Brief of Appellant, p. 2.

Based on the South Carolina Court of Appeals website, an Order was entered by the South Carolina Court of Appeals on September 8, 2009, dismissing the appeal after a ". . . review of the record, counsel's brief, and Straws' pro se brief pursuant to Anders v. California. . ." See State v. Straws, Unpublished Opinion No. 2009-UP-425.

### III.  HABEAS ALLEGATIONS

In his habeas petition, petitioner raises the following allegation, quoted verbatim:

4

Ground One: Excessive Delay.

A. It has been 33 months Petitioner has been in direct appeal and court still has not made an effort to make a ruling.

(Petition).

Petitioner also attached a "Statement of Facts" to his petition asserting the following:

1. Petitioner claims his 4th Amendment was violated because the officers in this case never established probable cause for an arrest. The arrest was warrantless. Officers stated, "we received a tip" but no one even testified to giving this alleged statement leading to an arrest. . . .

2. Arresting officers violated petitioner's due process rights according to the 5th Amendment by using a coerced statement against him. Officers admitted to smelling the sent of alcohol coming from petitioner, and also seeing an open wound on Petitioner's forehead. Officers never asked if Petitioner had he been during or under the influence of any drugs before questioning him no did the officers ask petitioner if he needed medical attention for is injury at no time during interrogation.

3. Before trial the judge was also placed on notice of a conflict of interest between the Petitioner and his attorney counsel, citing ROA, p. 9-30. He asserts the choice to go with counsel or represent self and the trial start in 2 days deprived him of effective counsel.

4. Counsel was ineffective in the following particulars:

    a. Defense counsel had waived his right to a preliminary hearing.
    B. Counsel did not subpoena a psychiatrist to give expert testimony concerning the combined effect on Xanax and alcohol, including a loss of memory.
    C. Counsel failed to enter a motion for temporary insanity.
    D. Counsel failed to subpoena records concerning head injury.

5. Prosecution failed to disclose pretrial video of incident which blind sided the defense and was a violation of Rule 5.

    A. Prosecution modified video for trial. ROA 184.
    B. Defense objected to this evidence.
    C. Absent SLED testimony, there was an inadequate chain of custody.

6. Prosecution entered jury room on more than one occasion without defense counsel or court reporter present to set up showing of the video. Prosecution voiced their opinion several times during the trial as to what occurred the night of allege crime. The trial judge allowed all of this to go on.

7. One of the members of the jury was allowed to sit after admitting knowing one of the victims family members, but had another juror removed for the same reasons. ROA 34-39, 140-144.

8. Jury in this case was not even made up from a fair cross of the community. There were not enough African-Americans and no Hispanics to chose from. Who make up a nice percentage of the community or county of Lexington. This was a violation of petitioner's due process rights. Violating his 6th Amendment the right to have a fair trial by an impartial jury.

9. Trial judge did not properly instruct the jury as to pretrial publicity. The Sheriff of the county, James R. Metts released a statement to the press "it's a good thing we caught this individual, because he would have struck again." Tow days after petitioner's arrest. This statement was not only slanderous but discriminating as well.

10. Counsel should have moved for a change of venue, but did not. . . .

11. The trial judge also erred in the way he charged the jury on the charge of possession of a weapon. The judge charged the jury that they would have to find petitioner guilty of possession of a weapon in order to find him guilty of all other charges. . . .

12. The 110 year sentence is abusive and cruel and unusual under the 8th Amendment.

13. There has been a complete miscarriage of justice due to the 33 month delay.

(Statement of facts attached to petition).

Further, petitioner asserts that he filed a prior 2254 petition asserting inordinate delay which was dismissed without prejudice and without issuance of service of process in <u>Straws v. Padula</u>, 4:09-009-HFF-TER. Petitioner seeks vacation of all sentences.

At the time of the filing of the motion for summary judgment, respondent asserted that the

petition should be dismissed as petitioner has failed to exhaust his state remedies as his direct appeal is [was] pending and he has not yet filed for post-conviction relief. Thus, respondent argues that these remedies are still available.

## IV. SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the

movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## V. EXHAUSTION

Respondent argues that this case should be dismissed because petitioner has not exhausted state court remedies as required by 2254 (B)(1)(A).

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

8

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina Courts. A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## VI. ANALYSIS

By way of background, petitioner filed a prior habeas petition which was dismissed without prejudice on March 16, 2009. In the report and recommendation which was adopted by the District Judge, it was recommended that the case be dismissed without prejudice for failure to exhaust and because the only issued raised in the habeas petition was for inordinate delay. The court stated the following in the report and recommendation:

> . . . it is clear that the petitioner has not exhausted his state court remedies. Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A). The petitioner has a pending direct appeal before the South Carolina Court of Appeals. A direct appeal is the first step taken by a recently-convicted South Carolina prisoner to exhaust his or her state court remedies. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). If the pending direct appeal turns out to be unsuccessful, the petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, et seq. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977).

10

> Inordinate delay in the state court proceedings may justify waiver of exhaustion. *Ingram v. State of South Carolina*, 164 F.3d 624 [Table], 1998 U.S.App. LEXIS 26544, 1998 WL 726757 (4th Cir., Oct. 18, 1998). *See also Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); and *cf. United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984).
>
> Even so, the one ground raised in the petition is not a basis for federal habeas corpus relief because the inordinate delay does not relate to the grounds raised in the pending direct appeal. As a result, the petitioner's single ground of inordinate delay in his pending direct appeal will not get the petitioner "out of prison." *Long v. Ozmint*, 558 F. Supp. 2d 624 (D.S.C. 2008), which is analogous. In fact, summary dismissal of the above-captioned case will prevent the successive petition bar, which adversely affected a state prisoner in *Long v. Ozmint*.
>
> If the undersigned were to authorize service of process in the above-captioned case, the Attorney General of South Carolina would likely file a motion for summary judgment. In turn, if the District Court granted the motion for summary judgment, the petitioner would face the successive petition bar if he were to file a new habeas action after his now-pending direct appeal (or later post-conviction case) was decided by the courts of the State of South Carolina. *Long v. Ozmint*, 558 F. Supp. 2d at 626-30.
>
> Although it involved allegations of inordinate delay in a pending post-conviction case, the petitioner's attention is directed to *Burgess v. Bodison*, 2008 U.S. Dist. LEXIS 80048, 2008 WL 4533964 (D.S.C., Oct. 9, 2008) (summary dismissal *without prejudice* of petition alleging one ground of inordinate delay protects a South Carolina prisoner from a Catch-22 situation). . .

( 2009 WL 691190).

Petitioner filed this action on April 20, 2009, approximately one month after the above referenced report and recommendation was adopted by the District Judge. In this petition, petitioner only raises one ground in the habeas petition referencing inordinate delay. However, petitioner attached a brief/memorandum of a "statement of facts" in which it appears petitioner seeks to assert other grounds for relief including but not limited to, assertions of ineffective assistance of counsel.

Based on the South Carolina Court of Appeals website, an Order was entered by the South

11

Carolina Court of Appeals on September 8, 2009, dismissing the appeal after a ". . . review of the record, counsel's brief, and Straws' pro se brief pursuant to Anders v. California. . ." See State v. Straws, Unpublished Opinion No. 2009-UP-425.

As the only ground raised in the petition was inordinate delay of his direct appeal being decided, this issue would now be moot. However, if petitioner is attempting to raise all of the issues labeled as "statement of facts", this would be a mixed petition with unexhausted claims in that petitioner has not shown that he has filed an Application for Post Conviction Relief and received a decision and appealed any adverse decision. Such issues as ineffective assistance of counsel can only be asserted through a state PCR action. State v. Felder, 290 S.C. 521, 351 S.E.2d 852 (S.C. 1986). Therefore, if the court were to proceed with review of the petitioner as it stands presently considering the issues raised under "statement of facts," petitioner would be precluded not only from seeking federal review of the collateral issues presented in the petition, but he would also potentially be precluded from seeking subsequent federal review of any other collateral issues. Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).[2]

To the extent petitioner argues that his failure to exhaust should be excused based on the length of time that passed prior to resolution of his direct appeal, that argument is without merit. See Gilchrist v. Hagan, 2005 WL 3747428 (D.S.C. 2005) (holding that a sixteen month delay is not excessive0(unpublished); *but see* Ward v. Freeman , 46 F.3d 1129 (4th Cir. 1995)(holding that a fifteen-year delay rendered petitioner's state remedies ineffective and negated exhaustion requirement. Moreover, there is no indication that petitioner has attempted a state PCR action. See

---

[2] Further, petitioner may have appealed the decision of the South Carolina Court of Appeals. However, whether or not petitioner has filed an appeal of this September 8, 2009, decision has not been presented to this court.

Patterson v. Leeke, 556 F.2d 1168, 1173 (4th Cir. 1977) (denying a claim that delay existed in South Carolina's PCR procedure such that exhaustion should be unnecessary and concluding that "the state post-conviction procedure provides an effective remedy. . . and is one which should be exhausted before federal relief can be considered").

Based on the above, petitioner has failed to present good cause for his failure to exhaust his collateral claims first in state court. As stated above, petitioner's direct appeal has now been resolved and he has time remaining to seek state collateral review. Thus, it is recommended that the petition be dismissed without prejudice to allow him the opportunity to exhaust his claims. He can return to this court for habeas review pursuant to §2254 after exhausting his unexhausted claims in state court.

Therefore, if petitioner would like for the court to consider all the issues he attempted to raise in his habeas petition by way of the "supplemental facts," the petition is premature. In the interest of judicial economy and to protect petitioner's ability to raise all of his claims, including the collateral ones, petitioner should be permitted an opportunity to exhaust his collateral issues via South Carolina Uniform Post-Conviction Procedure Act, S.C. Code Ann §§ 17-27-10 through 17-27-120. There is no indication, however, that dismissing petitioner's petition at this juncture would unreasonably impair his right to seek federal relief on all of his claims. Accordingly, the court recommends that the respondent's motion be granted and that this mixed petition be dismissed without prejudice.[3]

---

[3] In the alternative, it is recommended that petitioner be given the option to amend his petition to assert only exhausted claims. However, petitioner should be warned that if he chooses to amend his petition to assert only exhausted claims and proceeds on his §2254 as to only exhausted claims, the petitioner would face the successive petition bar if he were to file a new habeas action asserting the unexhausted claims that he may choose to dismiss as opposed to waiting and filing one habeas petition after exhausting all of the issues. In Rose v. Lundy, the court provides that a petitioner has the option of either resubmitting a petition containing only the

13

While petitioner's petition was pending before the South Carolina Court of Appeals, petitioner filed this federal petition for a writ of habeas corpus on April 20, 2009. As stated above, the only issue raised in the petition was concerning inordinate delay. However, petitioner attached a brief/memorandum of a "statement of facts" in which it appears petitioner may be attempting to assert other grounds for relief including but not limited to, assertions of ineffective assistance of counsel.

Since petitioner still has viable state court remedies which have not been fully utilized, this Court should not keep this case on its docket while petitioner is exhausting his state remedies. Because of petitioner's unexhausted claims, the undersigned recommends that the petition be dismissed without prejudice. Rose v Lundy, 455 U.S. 509 (1982).

---

exhausted claim or exhausting all claims in a state court and then filing a new petition. A petitioner can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims. Id. "By invoking this procedure, however, the prisoner would risk forfeiting consideration of his unexhausted claims in federal court." Id. If petitioner were to choose to amend his petition to only assert the exhausted claims, he is again cautioned as follows:

> By invoking this procedure, however, the prisoner would risk forfeiting consideration of his unexhausted claims in federal court. Under 28 U.S.C. § 2254 Rule 9(b), a district court may dismiss subsequent petitions if it finds that "the failure of the petitioner to assert those [new] grounds in a prior petition constituted an abuse of the writ."

Lundy, 455 U.S. at 520-521 (citing Rule (9)(b)).

If petitioner were given the opportunity to amend his petition and only bring exhausted claims, it is recommended that respondent's motion for summary judgment be deemed moot and respondent allowed to refile the motion for summary judgment and memorandum based on the amended petition.

## VII. CONCLUSION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus be dismissed without prejudice as the allegations have not been exhausted in the state courts.

It is FURTHER RECOMMENDED that the motion for default judgment be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**